UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Leona Ruth Heeter, | ) | Civil Action No.: 5:15-cv-01763-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Kaymani D. West.[1] Plaintiff, Leona Ruth Heeter, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act. The Magistrate Judge recommended reversing the Administrative Law Judge's decision and remanding the case for further administrative action.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for DIB on February 28, 2012, alleging disability as of June 1, 2009. The applications were denied initially and on reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before the ALJ on October 23, 2013. Plaintiff, represented by counsel, appeared and testified. A vocational expert also testified. The

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

ALJ issued a decision on November 20, 2013, finding that Plaintiff was not disabled. The ALJ's findings are as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since June 1, 2009, the alleged onset date (20 C.F.R. 404.1571 *et seq.*).

3. The claimant has the following severe impairments: obesity and degenerative disc disease (20 C.F.R. 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b). Specifically, the claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for six hours each in an eight-hour workday, with normal breaks. The claimant can occasionally climb, crawl, crouch, and kneel.

6. The claimant is capable of performing past relevant work as a server, product sorter, and cook. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2009, through the date of this decision (20 C.F.R. 404.1520(f)).

[ALJ Decision, ECF #10-2, at 21-28, Tr. 20-27].

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on February 18, 2015. Plaintiff filed this action on April 23, 2015, seeking judicial review of the ALJ's decision. [Compl., ECF #1]. Both Plaintiff and Defendant filed briefs, [ECF ## 18, 20 & 21]. The Magistrate Judge issued her Report and Recommendation ("R&R") on June 23, 2016, recommending that the ALJ's decision be reversed and remanded for further administrative consideration. [R&R, ECF #24]. Defendant filed timely objections to the R&R on July 11, 2016. [Defendant's Objections, ECF #25]. Plaintiff filed a response to Defendant's objections on July 28, 2016. [ECF #29].

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472

(4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it).  This standard of review does not require, however, mechanical acceptance of the Commissioner's findings.  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error,  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**APPLICABLE LAW**

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine

whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether he suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work, and (5) whether the impairment prevents him from performing some other available work.

## ANALYSIS

In this appeal, Plaintiff alleges: 1) the ALJ erred in his findings regarding Plaintiff's residual functional capacity ("RFC"); 2) the ALJ failed to give the proper weight to the opinion of her treating physician, Dr. Buger; 3) the ALJ erred in finding that Plaintiff was capable of performing her past relevant work ("PRW"); 4) the ALJ failed to comply with SSR 82-62 in assessing Plaintiff's PRW; 5) the ALJ did not comply with SSR 00-4p regarding the vocational expert's testimony; and 6) the ALJ failed to carry his burden of proof in finding there are a significant number of jobs in the national economy that Plaintiff can perform. After noting multiple inconsistencies in the ALJ's decision regarding his assessment of Dr. Burger's opinion, the Magistrate Judge concluded that she was unable to determine whether substantial supported the ALJ's assessment of Dr. Burger's opinion. As a result, the Magistrate Judge was unable to determine whether the ALJ's RFC assessment was supported by the record. The Magistrate Judge recommended remanding the matter for further evaluation of Dr. Burger's opinion and Plaintiff's RFC. With respect to Plaintiff's PRW, the Magistrate Judge found the ALJ failed to make the

necessary findings of fact as to the physical and mental demands of Plaintiff's past relevant work as required by SSR 82-62.  Further, based on the Magistrate Judge's recommendation for remand, the Magistrate Judge noted that any finding made by the ALJ regarding the Plaintiff's ability to perform PRW would need to be reevaluated and that substantial evidence did not support the ALJ's findings regarding Plaintiff's PRW.

Regarding the Plaintiff's argument that the ALJ did not comply with SSR 00-4p regarding the vocational expert's testimony, the Magistrate Judge found that the facts demonstrate that the ALJ complied with SSR 00-4p and any argument to the contrary is without merit.  Finally, Plaintiff argued the ALJ erred in failing to establish the existence of other jobs that Plaintiff could perform. The Magistrate Judge concluded, however, that because the ALJ found that Plaintiff was capable of performing her PRW at Step Four, the ALJ did not err in not proceeding to the next step in the sequential evaluation.

Defendant filed objections to the Magistrate Judge's R&R arguing that "at a minimum, substantial evidence . . . supports the ALJ's accordance of little weight to Dr. Burger's opinion." Defendant also asserts that substantial evidence supports the ALJ's findings regarding Plaintiff's past relevant work ("PRW").  Defendant fails, however, to reconcile the multiple inconsistencies noted in the ALJ's decision.  In particular, the ALJ incorrectly stated that Plaintiff was never referred to any back specialist for her degenerative disc disease.   The record indicates that Plaintiff was referred to a back specialist but could not see one due to lack of funds. Tr. 255, 265.  In one paragraph of the ALJ's decision, he incorrectly stated that Plaintiff never underwent any physical therapy for her back condition, while in a previous paragraph the ALJ stated that Plaintiff reported being treated with physical therapy and injections by an orthopedic surgeon for her back condition.

Most importantly, and critical to the Court's finding that the ALJ's decision was not supported by substantial evidence, the ALJ incorrectly stated "[t]here are no objective findings to support Dr. Burger's opinion that the claimant would need sedentary work, and he offered no objective findings when he completed the form, but merely checked yes or no answers." Tr. 26. However, question number 4 completed by Dr. Burger specifically references straight leg raising and bowstring tests that were positive bilaterally. Tr. 261. Dr. Burger's response to question number 4 also indicates that Plaintiff's functional limitations were reasonably consistent with the medical findings from her clinical examinations. The ALJ does not appear to reference Plaintiff's straight leg raising and bowstring tests.

As a result of the errors noted above, this Court finds that the ALJ's assessment of Dr. Burger's opinion was not supported by substantial evidence. Consequently, the ALJ's RFC assessment and finding that Plaintiff could perform her PRW are also unsupported by substantial evidence. The ALJ also failed to make the necessary findings of fact with regard to the physical and mental demands of Plaintiff's PRW as required by SSR 82-62. Remand is therefore necessary for further administrative consideration of Dr. Burger's opinion, a determination of Plaintiff's RFC, and a determination as to whether Plaintiff is capable of performing her PRW.

Plaintiff's remaining arguments regarding compliance with SSR 00-4p and the ALJ's failure to make a Step Five finding were rejected by the Magistrate Judge and the Plaintiff did not object to the Magistrate Judge's rejection of these claims. A de novo review, nevertheless, indicates that the Magistrate Judge was correct in concluding that the ALJ complied with SSR 00-4p and was not required to make a Step Five finding because the ALJ's analysis ended at Step Four when the ALJ concluded that Plaintiff could perform her PRW.

### CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Defendant's objections to the R&R, Plaintiff's response, and applicable law. For the foregoing reasons, the Court overrules Defendant's objections [ECF #26] and respectfully adopts and incorporates by reference the Magistrate Judge's R&R [ECF #24]. The Commissioner's decision is hereby **REVERSED and REMANDED for further administrative consideration of Dr. Burger's opinions, Plaintiff's residual functional capacity, and whether Plaintiff can perform her past relevant work**.

**IT IS SO ORDERED**.

August 18, 2016  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge